UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

NAIM SAYFALDIN,

          Plaintiff,

v.

DR. LEWIS, *et al.*,

          Defendants.
_____

**REPORT AND RECOMMENDATION**

14-CV-00641-WMS-JJM

    This case has been referred to me by Hon. William M. Skretny for supervision of pretrial proceedings, including the preparation of a Report and Recommendation on dispositive motions [20].[1] For the following reasons, I recommend that this case be dismissed, with prejudice, pursuant to Fed. R. Civ. P. ("Rule") 25(a)(1).

## BACKGROUND

    Plaintiff, a former inmate, commenced this action pursuant to 42 U.S.C. §1983 for alleged deliberate indifference to his medical needs while he was incarcerated. Amended Complaint [5]. On June 9, 2016, plaintiff's wife advised my chambers that plaintiff passed away on June 3, 2016. I conveyed that information to defendants' counsel at a conference conducted later that day, and then entered a Text Order [21] confirming that information and stating that "by September 7, 2016 decedent's successor or representative shall file a motion for substitution, failing which I will recommend that the action be dismissed".[2] That deadline has expired, and no motion for substitution or request for an extension has been filed.

---

[1]  Bracketed references are to the CM/ECF docket entries.

[2]  A copy of that Text Order [21] was mailed to plaintiff's address, which his wife confirmed to my chambers was also her address.

**ANALYSIS**

Rule 25(a)(1) states that "[i]f a party dies and the claim is not extinguished, the court may order substitution of the proper party . . . . If the motion [for substitution] is not made within 90 days after service of a statement noting the death, the action by . . . the decedent must be dismissed". Since more than 90 days have elapsed since my June 9, 2016 Text Order was served and no motion for substitution has been filed, the action must be dismissed, with prejudice. See Branch v. Piazza, 2012 WL 1790412, *2 (W.D.N.Y. 2012) (Siragusa, J.) (dismissing action, with prejudice, pursuant to Rule 25(a)(1)).

**CONCLUSION**

For these reasons, I recommend that the action be dismissed, with prejudice, pursuant to Rule 25(a)(1). Unless otherwise ordered by Judge Skretny, any objections to this Report and Recommendation must be filed with the clerk of this court by October 3, 2016 (applying the time frames set forth in Rules 6(a)(1)(C), 6(d), and 72(b)(2)). Any requests for extension of this deadline must be made to Judge Skretny. A party who "fails to object timely . . . waives any right to further judicial review of [this] decision". Wesolek v. Canadair Ltd., 838 F. 2d 55, 58 (2d Cir. 1988); Thomas v. Arn, 474 U.S. 140, 155 (1985).

Moreover, the district judge will ordinarily refuse to consider *de novo* arguments, case law and/or evidentiary material which could have been, but were not, presented to the magistrate judge in the first instance. Patterson-Leitch Co. v. Massachusetts Municipal Wholesale Electric Co., 840 F. 2d 985, 990-91 (1st Cir. 1988).

The parties are reminded that, pursuant to Rule 72(b) and (c) of this Court's Local Rules of Civil Procedure, written objections shall "specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for each objection . . . supported by legal authority", and must include "a written statement either certifying that the objections do not raise new legal/factual arguments, or identifying the new arguments and explaining why they were not raised to the Magistrate Judge". Failure to comply with these provisions may result in the district judge's refusal to consider the objections

Dated: September 14, 2016

                                        /s/ Jeremiah J. McCarthy
                                        JEREMIAH J. MCCARTHY
                                        United States Magistrate Judge